UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM BROCK | |
| Plaintiff, | Civil Action No.: |
| vs. | **COMPLAINT** |
| ALDI Inc., a foreign corporation, | **(Jury Trial Demanded)** |
| Defendant. | |

Plaintiff William Brock, by and through his attorneys OFT Food Safety & Injury Lawyers, states and alleges as follows:

1. This case arises from an outbreak of illnesses caused by the parasite *Cyclospora*.

2. Plaintiff is among a group of more than 76 individuals in five states sickened by ready-to-eat bagged garden salad, including those sold by Defendant Aldi Inc.

**PARTIES**

3. Plaintiff William Brock is a resident of Eagan, Minnesota.

4. Defendant Aldi Inc. ("ALDI") is an Illinois Corporation headquartered in Batavia, Illinois.

5. Defendant operates a nationwide chain of grocery stores, including stores located in Minnesota, under the ALDI brand name.

1

6. Defendant produces a variety of private label produce products, including the one that sickened Plaintiff.

7. Upon information and belief, Defendant owns, operates and controls the ALDI supermarket located in Eagan, Minnesota that sold Plaintiff a bagged salad contaminated with the parasite *Cyclospora*.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(c) because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiff and Defendant.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to the claims asserted occurred in this district.

## FACTS
### *Cyclospora*

10. *Cyclospora* is a protozoan parasite that causes severe gastroenteritis in humans called cyclosporiasis.

11. The parasite *Cyclospora* was first described by Dr. Ashford, a British parasitologist, in 1979 after being found in a stool samples from sickened people in Papua New Guinea in 1977 and 1978.

12. In the 1990s, *Cyclospora* garnered increasing interest from the scientific and public health communities after it was identified as the cause of outbreaks of diarrheal

illness in the United States. Since then, scientific understanding of *Cyclospora*'s source and infectious process has grown substantially.

13. Humans contract *Cyclospora* infections from eating food or drinking water contaminated with *Cyclospora*. Contamination of food often occurs when produce is irrigated or washed in water contaminated with human feces.

14. Humans are the only known carriers of *Cyclospora,* and *Cyclospora* uses the human body to complete part of its reproductive life cycle.

15. The CDC outlines the life cycle of *Cyclospora* in the following diagram*:*



16. *Cyclospora* oocysts are excreted in the feces of infected people.

17. Fresh excreta containing unsporulated (immature) oocysts is noninfectious. Instead, the oocysts must sporulate in order to become infectious. Therefore, *Cyclospora* is not known to be transmitted directly from person-to-person.

18. Oocysts sporulate within 1-2 weeks, depending on environmental conditions. After sporulation, the sporont becomes two sporocysts, each containing two elongated sporozoites.

19. After sporulation, the *Cyclospora* organism is infectious, and when consumed by humans, causes illness.

20. Put simply, feces must contaminate food or water and then remain there long enough to sporulate in order to cause illness.

21. Within the human body, oocysts excyst, or emerge, in the gastrointestinal tract, freeing the sporozoites, which invade the epithelial cells of the small intestine.

22. Inside the cells of the small intestine, they undergo asexual multiplication and sexual development to mature into oocysts, which are shed in stools.

23. Because oocysts are only excreted in feces, individuals that contract cyclosporiasis have consumed food or water contaminated with feces.

24. Symptoms of cyclosporiasis include watery diarrhea, loss of appetite, cramping, nausea, fatigue, fever, dehydration, and weight loss.

25. Untreated, these symptoms can last several weeks or longer, resulting in extreme dehydration and other more serious side effects. *Cyclospora* infections in the United States are typically diagnosed by a specific test for the parasite.

26. Treatments for *Cyclospora* typically include administration of an antibiotic, sulfamethoxazole – trimethoprim (Bactrim).

27. Unfortunately, antibiotic treatment is not always effective. Some cyclosporiasis patients require months-long antibiotic treatment before resolution of their illness.

28. Moreover, many people are allergic to sulfa-antibiotics. No alternative highly effective treatment exists, but some providers prescribe ciprofloxacin or nitazoxanide (Alinia).

29. Numerous previous outbreaks of *Cyclospora* in the United States have been associated with consumption of fecally-contaminated fruits and vegetables, including raspberries, mesclun, basil, lettuce, and cilantro.

30. Responsible fresh produce producers take steps to produce food free of fecal matter and dangerous organisms like *Cyclospora*. The duty owed by produce producers includes a duty to develop a food safety program; follow good agricultural practices; monitor and test its products and processing environments; and otherwise ensure that its ready-to-eat products are not exposed to fecal matter.

31. Responsible fresh produce producers conduct their operations in compliance with all applicable state and federal regulations intended to ensure the purity and safety of food products, including the requirements of the Federal Food, Drug and Cosmetics Act (21 U.S.C. § 301 *et seq*.).

### *Cyclospora* Outbreaks and Investigations

32. In Minnesota, *Cyclospora* is classified as a reportable disease under Minn. R. 4605.7040 (B)(15).

33. Because *Cyclospora* is a reportable disease, when a person in Minnesota tests positive for the parasite, the person's health care providers are required to relay that positive test result to the Minnesota Department of Health (MDH) within one working day using the Enteric Disease Reporting Form.

34. MDH is required to investigate cases of reportable diseases, including *Cyclospora,* "for the purpose of verification of the existence of disease, ascertaining the source of the disease causing agent, identifying unreported cases… and informing the public if necessary." Minn. R. 4605.7500. Unusual case incidence, including "any pattern of cases" or "increased incidence… which may indicate … an outbreak" calls for increased attention and an immediate telephone report to MDH, and laboratories must submit test results and clinical materials for cases and suspected cases upon request. Minn. R. 4605.7050.

35. According to the MDH, outbreaks can be "detected through routine surveillance activities that include interviewing all persons who are diagnosed with a reportable disease" like *Cyclospora.* "[W]hen multiple cases report a common exposure, such as eating a common food item" MDH initiates an investigation.

36. At the national level, the CDC conducts the same type of reportable disease surveillance and outbreak detection and investigation.

37. According to the CDC, "If a larger number of people than expected appear to have the same illness in a given time period and area, it's called a cluster. When an investigation shows that ill people in a cluster have something in common to explain why they all got the same illness, the group of illnesses is called an outbreak."

38. When the CDC detects a foodborne disease outbreak, investigators work to collect three types of data: epidemiologic data, traceback data, and food and environmental testing data. This information helps health officials pinpoint the source of the outbreak.

39. Epidemiologic data includes "[p]atterns in the geographic distribution of illnesses, the time periods when people got sick, and past outbreaks involving the same germ," "[f]oods or other exposures occurring more often in sick people than expected," and "clusters of unrelated sick people who ate at the same restaurant, shopped at the same grocery store, or attended the same event," according to the CDC.

40. Traceback data includes a "common point of contamination in the distribution chain, identified by reviewing records collected from … stores where sick people ate or shopped," and "[f]indings of environmental assessments in food production facilities, farms, and restaurants identifying food safety risks."

41. Food and environmental testing data includes: "The germ that caused illness found in a food item collected from a sick person's home, a retail location, or in the food production environment" and "[t]he same DNA fingerprint linking germs found in foods or production environments to germs found in sick people."

42. "When investigating outbreaks of infectious disease, public health investigators sometimes find that the way people get sick involves a commercial entity (e.g., a store or restaurant they patronized), an institution or company (e.g., a hotel or hospital they stayed at), or a particular product they bought. CDC has a long-standing practice of regularly disclosing names of commercial entities implicated in infectious disease outbreaks in order to protect public health. … Once a specific source is implicated in an infectious disease outbreak, CDC routinely provides information during an ongoing investigation if there are actions that individuals can take to protect their health. When an outbreak is over and the investigation has been completed, CDC usually provides specific information when there is conclusive evidence regarding the root cause of contamination."

## The Garden Salad *Cyclospora* Outbreak

43. In mid-June of 2020, the Centers for Disease Control (CDC) in conjunction with state health departments detected an alarming increase in the number of *Cyclospora* cases in Iowa, Illinois, Kansas, Missouri, Minnesota, and Nebraska.

44. CDC and state health departments launched an epidemiological and microbiological investigation.

45. The Food and Drug Administration (FDA) aided with traceback efforts.

46. The investigating agencies soon identified bagged salads sold at Aldi, Hy-Vee and Jewel Osco as a likely source of the Cyclospora.

47. The bagged salads sold at each retailer were essentially the same "garden" salad mix containing iceberg lettuce, carrots, and red cabbage.

48. The FDA urged consumers not to eat ALDI Little Salad Bar Brand Garden Salad sold in Iowa, Illinois, Minnesota, and Missouri, all Hy-Vee Brand Garden Salad sold in Iowa, Illinois, Kansas, Minnesota, Missouri, and Nebraska, and Jewel-Osco Signature Farms Brand Garden Salad sold in Illinois.

49. As of June 21, 2020, public agencies reported a total of 76 cases associated with the garden salad outbreak, with 16 of those individuals requiring hospitalization. Consumers affected resided in Illinois, Iowa, Minnesota, Missouri, Nebraska, and Kansas.

*Plaintiff's Illness*

50. Plaintiff purchased Little Salad Bar bagged garden salad from the ALDI store located in Eagan, Minnesota, on May 31 and June 7, 2020.

51. Plaintiff consumed the bagged garden salad purchased on June 7 on June 10 and 11, 2020.

52. The produce in the tray consumed by Plaintiff was contaminated with fecal matter containing *Cyclospora*.

53. On or about June 16, 2020, Plaintiff began suffering severe diarrhea, nausea, vomiting, fatigue and cramping.

54. The illness became so severe that Plaintiff was admitted to Fairview Ridges hospital from June 16 until Jun 19, 2020, with symptoms consistent with an acute *Cyclospora* infection.

55. Plaintiff continues to suffer severe fatigue and joint pain and has been unable to return to work.

56. As a direct and proximate result of consuming contaminated produce manufactured and sold by Defendants, Plaintiff suffered a debilitating and painful gastrointestinal illness; incurred medical expenses; lost wages; and suffered other losses and damages as proved at trial.

## CAUSES OF ACTION

## COUNT I – STRICT PRODUCT LIABILITY – MANUFACTURING DEFECT
### *Aldi, Inc.*

57. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

58. Defendant Aldi, Inc. processed, manufactured, marketed, and sold the contaminated bagged garden salad that caused Plaintiff's illness.

59. The bagged garden salad produced by Defendant Aldi, Inc. and consumed by Plaintiff was contaminated with *Cyclospora* and therefore defective when it left the control of Defendant Aldi, Inc.

60. Plaintiff consumed the bagged garden salad as intended by Defendant Aldi, Inc. and prior to the expiration date listed on the package.

61. Plaintiff's consumption of the contaminated food caused him to become infected with *Cyclospora* and become deathly ill.

62. Food contaminated with *Cyclospora* is dangerous if eaten and is particularly dangerous to children, the elderly, and anyone with a compromised immune system.

63. Because *Cyclospora* is colorless and odorless, consumers like Plaintiff have no way of detecting the contamination before consumption.

64. The bagged garden salad produced and sold by Defendant Aldi, Inc. and subsequently consumed by Plaintiff was contaminated with *Cyclospora* and therefore defective and unreasonably dangerous to ordinary consumers for its intended use.

65. Defendant Aldi, Inc. is therefore strictly liable to the Plaintiff for the harm proximately caused by the production and sale of its dangerous and defective product.

66. As a direct and proximate result of Defendant Aldi, Inc.'s production and sale of a defectively manufactured product, Plaintiff sustained injuries and damages set forth in the preceding paragraphs.

### COUNT II – NEGLIGENCE
#### *Aldi, Inc.*

67. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

68. Defendant Aldi, Inc. processed, manufactured, marketed, and sold bagged garden salads that were contaminated with *Cyclospora*, a dangerous pathogen.

69. Defendant Aldi, Inc. owed a duty to all its customers who consume its products, including Plaintiff, to manufacture and sell food that is safe to eat, that is not adulterated with dangerous pathogens like *Cyclospora*, and that is not produced in violation of applicable food safety regulations and industry standards.

70. Defendant Aldi, Inc. breached the duties owed to its customers by committing the following negligent acts and omissions:

   a. Failing to adequately maintain and monitor the safety of its products, premises, equipment and employees;

    b. Using fresh produce that was exposed to and contained fecal matter;

    c. Failing to properly operate its manufacturing facilities, including the fields and irrigation systems used in producing its produce, in a safe, clean, and sanitary manner;

    d. Failing to adopt, implement, and follow adequate food safety policies and procedures;

    e. Failing to apply its food safety policies and procedures to ensure the safety and sanitary conditions of its food products, premises, and employees;

    f. Failing to adopt, implement, and validate food safety policies and procedures that met industry standards for the safe and sanitary production of ready-to-eat foods;

    g. Failing to properly audit suppliers and growers to ensure that their products were not contaminated with feces;

    h. Failing to adequately test its products and processing environment;

    i. Failing to adequately inspect its growing operations, including those areas prone to *Cyclospora* contamination;

    j. Failing to properly train its employees and agents how to prevent the transmission of *Cyclospora*;

    k. Failing to properly supervise its employees and agents to prevent the transmission of *Cyclospora*; and

    l. Other acts and omissions as revealed through investigation and discovery.

71. Plaintiff's injuries are a direct and proximate result of the negligence of Defendant Aldi, Inc.

72. As a direct and proximate result of Defendant Aldi, Inc.'s negligence, Plaintiff sustained the injuries and damages set forth in the preceding paragraphs.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays judgment against the Defendant in an amount greater than Seventy-Five Thousand Dollars ($75,000.00) together with pre- and post-judgment interest, costs, and disbursements incurred herein and such other relief as the court may find just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated: June 22, 2020            OFT LAW PLLC

_____
Ryan M. Osterholm (#390152)
Brendan J. Flaherty (#327657)
Lindsay Lien Rinholen (#397560)
730 2nd Ave S. Suite 810
Minneapolis, MN 55402
Phone: (888) 828-7087
Fax: 888-239-0559
Email:  ryan@oftlaw.com
        brendan@oftlaw.com
        lindsay@oftlaw.com

*ATTORNEYS FOR PLAINTIFF*